INTERSTATE COMMERCE COMMISSION v. SOUTHERN PAC. CO. et al.

(Circuit Court, D. Colorado. May 12, 1896.)

No. 3,377.

JURISDICTION OF CIRCUIT COURTS — SUITS TO ENFORCE ORDERS OF INTERSTATE COMMERCE COMMISSION.
Where a number of railroads, operated under a common control and management, establish a rate interdicted by an order of the interstate commerce commission, the act of one of the companies in charging freight at such rate in a particular judicial district, to be carried over the various lines, is a violation or disobedience of the order in such district, within the meaning of section 16 of the interstate commerce act, as amended in 1889 (25 Stat. 860), so as to give the circuit court of that district jurisdiction of a suit by the commission to enforce its order against all the companies.

This was a suit by the Interstate Commerce Commission against the Southern Pacific Company and other railroad companies to enforce an order made by the commission in respect to certain rates for transportation of freight.

H. V. Johnson, for complainant.
Wolcott & Vaile, Chas. E. Gast, and H. T. Rogers, for defendants.

HALLETT, District Judge. This is a bill by the interstate commerce commission against the Southern Pacific Company and several other railroad companies to enforce an order of the commission, made November 25, 1895, in a suit of the Colorado Fuel & Iron Company against the said railroad companies. The Southern Pacific Company has filed a plea to the jurisdiction, alleging that it is not an inhabitant of this district, that it is a corporation of the state of Kentucky, and that it has its principal office in the city of San Francisco, in the state of California. Following this there is in the plea this language:

"This defendant further alleges that no violation or disobedience on its part of any order or requirement of the interstate commerce commission, as set forth in the petition herein, or of any order or requirement of said interstate commerce commission, has happened within the said district of Colorado."

The order of the commission relates to charges for transportation between Pueblo, Colo., and San Francisco, Cal., as to which it is

averred that the respondent roads are "under a common control, management, or arrangement for a continuous carriage or shipment" between the said points. Section 16 of the interstate commerce act, as amended in 1889 (25 Stat. 860), provides that a petition of this kind shall be filed "in the judicial district in which the common carrier complained of has its principal office, or in which the violation or disobedience of such order or requirement shall happen." This is not the district in which the Southern Pacific Company has its principal office, but it is the district in which the violation or disobedience of the order of the commission has happened. The pleader is careful to state that no violation or disobedience of the order has occurred in this district on the part of respondent, but it does not say what has been done by the co-respondents. The fact appears to be that the Southern Pacific Company has lines in California, and in some of the states and territories between California and Colorado, which connect with lines of the other respondents, extending into and through the state of Colorado and to the city of Pueblo. If all these roads are operated under a common control, management, or arrangement in making the rates interdicted by the interstate commission, the act of one in this district is the act of all, and the violation or disobedience of the order of the commission by all the roads may be said to take place in this district, as well as the district of California. In the case cited from 6 C. C. A. 653, 57 Fed. 948 (Interstate Commerce Commission v. Texas & P. Ry. Co.), jurisdiction was maintained on the ground that the principal office of the respondent was in the city of New York. There is nothing in that case, touching the other clause of section 16 of the act, as to the place in which a violation or disobedience of an order of the commission shall be said to occur; and whether, under that clause, all lines forming a continuous route of transportation between points remote from each other, such as Pueblo and San Francisco, shall be taken to be a single line, for the purposes of the act.

The plea to the jurisdiction will be overruled.